IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2760-N-BT |
| | § | |
| MGA MEDICAL EQUIPMENT, INC., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action seeking recoupment of Medicare overpayments is Plaintiff's Motion for Default Judgment against Defendant MGA Medical Equipment, Inc. ("MGA"). For the following reasons, the Court should GRANT the Motion (ECF No. 14).

### I. Background

Plaintiff the United States of America filed its complaint against MGA on October 9, 2017. MGA's registered agent, Emeka G. Iwunze, was served with the summons and a copy of the complaint (ECF No. 5). On November 14, 2017, Mr. Iwunze, who is not a licensed attorney, filed a Response to Plaintiff's Complaint on behalf of MGA (ECF No. 6). The following day, Plaintiff filed a motion to strike the answer, on the ground that a non-lawyer cannot represent another entity in federal court. Pl.'s Mot. 1 (ECF No. 7). MGA never filed a response to the motion. Accordingly, on May 22, 2018, the Court granted Plaintiff's motion and struck MGA's Answer. Order (ECF No. 11). The Court ordered MGA to retain legal

1

counsel no later than June 21, 2018. *Id.* 2. The Court further instructed Plaintiff to seek the entry of default and move for a default judgment if a licensed attorney did not make a timely appearance on behalf of MGA. *Id.*

No attorney ever appeared on MGA's behalf. On July 6, 2018, Plaintiff obtained an entry of default as to MGA (ECF No. 13), and on July 9, 2018, Plaintiff filed its Motion for Default judgment. In response to the Motion, Mr. Iwunze filed a notice advising the Court that he had been overseas and did not receive a copy of the May 22, 2018 Order until July 6, 2018. (ECF No. 15). Mr. Iwunze requested, and was granted, additional time to find an attorney to represent MGA. *See* Order (ECF No. 16). Mr. Iwunze later advised the Court that he had contacted a representative from Medicare and was working to resolve the dispute, Def.'s Mot. 1 (ECF No. 17), so the Court granted Mr. Iwunze additional time to pursue an out-of-court settlement. Order (ECF No. 18).

In October 2018, counsel for Plaintiff advised the Court that he contacted the Centers for Medicare and Medicaid Services ("CMS") regarding the agency's claim for recoupment of overpayments to MGA and was informed the agency has no record of any communications with MGA regarding withdrawal of its claim. Pl.'s Resp. (ECF No. 23). In response, Mr. Iwunze filed a Notice (ECF No. 24) on December 14, 2018, begging the Court's "indulgence" and asking the Court to grant him an unspecified amount of time to resolve his dispute with the agency.

## II. Legal Standards and Analysis

### A.

In federal court, a corporation is not permitted to proceed *pro se*. *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.1982)) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'"). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See id.* (holding district court properly struck defenses of corporate defendant who declined to hire counsel). "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). "The [court] might, *inter alia*, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file." *Id.* at 873, n. 5.

Some courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See, e.g.*, *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (finding a defendant, a Swiss corporation, in default and entering a final judgment against it after the court ordered the corporation to obtain substitute

3

counsel (licensed to practice in the court's jurisdiction) on two occasions, but no attorney licensed to practice in the jurisdiction entered an appearance on the defendant-corporation's behalf); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

In this case, the Court instructed MGA that, because Mr. Iwunze is not an attorney, he may not represent the corporation in this action. Order 2 (ECF No. 11). The Court further ordered MGA to obtain licensed counsel to represent it. *Id.* Although the Court granted MGA more than one extension to comply with this order, MGA still has not obtained counsel. Instead, Mr. Iwunze continues to file documents in this case on MGA's behalf while he attempts to informally resolve the dispute with CMS. But Mr. Iwunze is not a licensed attorney, and MGA remains unrepresented by counsel. Thus, MGA has failed to comply with the Court's orders. Accordingly, the Court finds and concludes that default judgment is appropriate.

### B.

Having considered Plaintiff's Motion for Default Judgment and the supporting documents, the Court concludes that a default judgment should be rendered for Plaintiff against MGA.

4

Plaintiff filed its Original Complaint on October 9, 2017. Pl.'s Compl 1. Despite having been properly served with summons and a copy of Plaintiff's Complaint, MGA never filed an answer—through counsel—to Plaintiff's Complaint. Accordingly, Plaintiff sought and obtained an Entry of Default against MGA on July 6, 2018.

> The Complaint alleges the following facts:
>
> Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, et seq., established the Health Insurance for the Aged and Disabled Program, popularly known as the Medicare Program. The Secretary of the Department of Health and Human Services ("HHS") administers the Medicare Program through its agency component, the Centers for Medicare and Medicaid Services ("CMS").
>
> Medicare Part A helps pay for doctor services, outpatient hospital services, certain home health services, and hospice care. 42 U.S.C. § 1395c. Medicare Part B is a federally subsidized, voluntary insurance program that covers a percentage (typically eighty percent) of the fee schedule amount for physician, diagnostic and laboratory services. 42 U.S.C. §§ 1395k, 13951, 1395x(s). At all relevant times [MGA] was a provider under the Medicare Program.
>
> CMS properly notified [MGA] of its decision(s) that [MGA] had been paid more than was legally permissible under the Medicare Program and offered [MGA] an opportunity to appeal the CMS decision. . . .
>
> The United States, through its operation of the Medicare Program paid [MGA] certain sums of money to which it was not entitled, and [MGA] is thus liable under the law of recoupment and unjust enrichment to return such amounts to the United States.

5

> After all lawful offsets and credits, Defendant has received an overpayment of $6,906.74 in benefits. . . .
>
> As of February 3, 2017 Defendant is indebted to the United States in the amount of $9,287.10 (principal and interest) for the Medicare overpayments as set forth in the Certificate(s) of Indebtedness, with additional interest pursuant to 42 C.F.R. § 405.378.

Pl.'s Compl. 2-3. Plaintiff attached to its Complaint (1) a true and correct copy of the agency's decision that [MGA] had been paid more than was legally permissible under the Medicare Program; and (2) a Certificate of Indebtedness establishing that MGA is indebted to the United States in the amount of $9,287.10 (principal and interest) for the Medicare overpayments. Pl.'s Compl., Exs. A & B. Plaintiff's allegations, which are taken as established by virtue of MGA's default, support the rendition of a default judgment against MGA. *See Nishimatsu Const. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Cent. Tr. Co. of N.Y.*, 133 U.S. 83 (1889); *Thomson v. Wooster*, 114 U.S. 104 (1884); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63-64 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .").

### III. Recommendation

Plaintiff's Motion for Default Judgment against MGA should be GRANTED, and the Court should order that Plaintiff have and recover from MGA $9,287.10, plus additional pre-judgment interest of $1.94 per day after February

6

3, 2017, to the date of judgment, along with its costs of suit, and that this judgment shall accrue interest at the legal post-judgment interest rate.

**SO RECOMMENDED**.

January 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).